**Rule 304. Limited Admission of Spouses of Active-Duty Service Members of the United States Uniformed Services**

**An applicant may apply for limited admission to the practice of law in Pennsylvania as a spouse of an active-duty service member of the United States Uniformed Services if all requirements of this rule are satisfied.**

**(a)   Qualifications.**

**An applicant who seeks admission pursuant to this rule:**

**(1)   must be present in Pennsylvania as the spouse of an active-duty member of the United States Uniformed Services who is (A) assigned to duty in Pennsylvania or (B) assigned to duty outside the United States but whose last assignment within the United States was in Pennsylvania;**

**(2)   must satisfy the requirements of Rule 203(a)(1) and (2)(i) (related to completion of undergraduate studies and legal studies at a law school accredited by the American Bar Association) and Rule 203(b)(2) (related to character and fitness);**

**(3)   must not have taken and failed the Pennsylvania bar examination;**

**(4)   must be currently admitted as an attorney at law in the highest court of  another state, commonwealth, territory or the District of Columbia;**

**(5)   must not currently be the subject of a pending disciplinary matter in any jurisdiction in which the applicant is admitted to the practice of law or be currently suspended or disbarred in any such jurisdiction;**

**(6)   must not have been disciplined for professional misconduct by any jurisdiction within the 10 years immediately**

**preceding filing of the Pennsylvania application or been disbarred at any time by any jurisdiction; and**

**(7) (A) must be employed and supervised by a Pennsylvania-licensed attorney who is in good standing and who is currently engaged in the practice of law in Pennsylvania; or**

**(B) be employed by the federal government, the Commonwealth of Pennsylvania or a local government within Pennsylvania and supervised in that employment by a Pennsylvania-licensed attorney who is currently engaged in the practice of law in Pennsylvania.**

**(b) Procedure.**

**(1) An applicant who seeks admission pursuant to this rule must submit to the Board of Law Examiners an affidavit confirming that the applicant satisfies the requirements of Rule 304(a); that the applicant agrees to supplement his or her application with any information that might arise during the limited admission to practice that bears on any of the requirements of Rule 304(a); that the applicant agrees to notify the Prothonotary of the Pennsylvania Supreme Court of any information that might arise during the limited admission to practice that bears on any of the requirements of Rule 304(a); that the applicant has read, is familiar with and agrees to abide by the Pennsylvania Rules of Professional Conduct and the Pennsylvania Rules of Disciplinary Enforcement; that the applicant will comply with any obligations imposed by the Pennsylvania Continuing Legal Education Board; and that the applicant submits to the jurisdiction of the Pennsylvania Supreme Court with respect to any and all disciplinary matters.**

**(2) An applicant must submit to the Board of Law Examiners an affidavit of the Pennsylvania attorney who will, pursuant to Rule 304(a)(7), supervise the applicant if the application is granted. The supervising lawyer must confirm in the affidavit that he or she will (A) supervise the applicant in the**

2

performance of the applicant's legal work and (B) notify the Board in the event the applicant leaves the employ of the supervising attorney's law firm or government entity or is otherwise no longer being supervised by that attorney.

(3) The applicant must submit to the Board of Law Examiners the following:

(A) certificates or official transcripts evidencing compliance with the provisions of Rule 304(a)(2) related to legal education;

(B) a certificate of good standing from the highest court or the admissions authority of a state, commonwealth, territory or the District of Columbia in which the applicant is currently licensed to practice law;

(C) a copy of the United States military orders of the applicant's spouse establishing that the spouse is present in Pennsylvania because of military orders; and

(D) any fee required by the Board of Law Examiners.

(4) If an applicant satisfactorily completes the steps required by this rule and the Board determines that the applicant is qualified under this rule, the Board shall provide to the applicant a certificate recommending admission of a spouse of an active-duty service member.

(5) At any time within six months of the issuance of a certificate recommending admission of a spouse of an active-duty service member, an applicant may file a motion with the Prothonotary of the Supreme Court of Pennsylvania, on a form prescribed by the Board for issuance of such a license. The applicant shall submit the form with the certificate recommending admission of a spouse of an active-duty service member along with any fee the Prothonotary may assess.

**(6)** Upon receipt of a properly supported motion, the Prothonotary shall enter the name of the applicant upon the docket of persons specially admitted to the bar of the Supreme Court of Pennsylvania subject to the restrictions of this rule.

**(c)** Limitations

**(1)** An applicant who is granted limited admission under this rule and who continues to satisfy the requirements of Rule 304(a) is entitled to all the same rights, privileges and benefits and is subject to the same duties, obligations and responsibilities as active members of the bar of the Supreme Court of Pennsylvania subject to the following limitations.

**(2)** The limited admission provided by this rule shall terminate automatically upon the occurrence of any of the following:

**(A)** any of the provisions of Rule 304(a) are no longer satisfied or

**(B)** the attorney admitted under this rule is admitted to the bar of the Supreme Court of Pennsylvania under any other rule.

**(3)** In the event Rule 304 (c)(2)(A) or (B) applies as a result of the death of the spouse of the attorney admitted under this rule, the termination of the limited admission provided by this rule will be subject to a six-month grace period.

**Official Note:**

For purposes of this rule, the "United States Uniformed Services" are defined to include the following: the United States Army; the United States Marine Corps; the United States Navy; the United States Air Force; the United States Coast Guard; the United States Public Health Service Commissioned Corps; the National

**Oceanic and Atmospheric Administration Commissioned Corps and any other entity designated as part of the United States Uniformed Services by the United States Department of Defense or the United States Department of Homeland Security. *See* 10 U.S.C. § 101(a)(4) and (5).**

**The phrase "active duty" shall have the meaning given it in 10 U.S.C. § 101(d)(1).**

**For purposes of Rule 304(a)(7), "practice of law" shall have the meaning set out in Rule 204.**

**The supervision required by Rule 304(a)(7) must be sufficient to insure that the supervising attorney has knowledge of the specific conduct, ratifies the conduct, knows of the conduct at a time when its consequences may be avoided or mitigated and will assume responsibility for the supervised attorney's work should the supervised attorney's limited license terminate.**